IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DWIGHT L. ALLEN,                    )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )          Case No. CIV-08-485-F
                                    )
SHERIFF BILL ROADY, *et al.*,       )
                                    )
                    Defendants.     )

## REPORT AND RECOMMENDATION

Mr. Allen alleges cruel and unusual punishment while he was incarcerated at the Garvin County Detention Center.  According to the Plaintiff, he suffered:

- excessive force on April 8, 2008

- lack of medical care following the use of excessive force

- repeated placement in a drunk tank without supplies

- taunts

- threats and

- dangerous cell assignments.[1]

Complaint at pp. 2-A - 5.  Sheriff Bill Roady, Undersheriff Steve Brooks, and Captain Dennis Avance have moved for dismissal.

---

[1]      The Defendants interpret Mr. Allen's complaint to include a constitutional allegation involving denial of visitation.  *See* Defendants Roady, Brooks and Avance's Motion and Brief to Dismiss at p. 6 (Sept. 15, 2008) ("Defendants' Dispositive Motion").  The Plaintiff did discuss the lack of visitation, but only as context for the alleged use of excessive force.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-3 (May 7, 2008) ("Complaint").

Because the Defendants relied in part on evidence outside of the complaint, the Court converted the motion to include an alternative motion for summary judgment.  Order (Sept. 16, 2008); *see* Fed. R. Civ. P. 12(d).

The Court should summarily dismiss the allegations involving taunts and dangerous cell assignments.  These allegations do not state a claim on which relief can be granted.

For the remaining claims, the Court should grant dismissal without prejudice to Sheriff Roady and Undersheriff Brooks.  These claims are facially deficient because of the absence of personal participation in the underlying acts.

The Court should overrule Captain Avance's dispositive motion on the claims involving denial of medical care and excessive force.  But the Court should grant dismissal with prejudice to Captain Avance on the Plaintiff's claim involving threats.

The dispositive motion did not address the Plaintiff's claim against Captain Avance for repeated placement in the drunk tank without supplies.  As  a result, this claim remains.

<u>Claims Involving Taunts and Cell Assignments:  Summary Dismissal</u>

The Court must liberally construe the complaint because Mr. Allen is appearing *pro se*.  *See*, *e.g.*, *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) ("we must construe a pro se appellant's complaint liberally" (citation omitted)).  In the complaint, Mr. Allen has complained of taunts and placement in a cell with convicted federal prisoners.  Complaint at pp. 2-A, 4.  These allegations are not addressed by the Defendants.  But the Court must screen these allegations to determine their facial validity in light of the Plaintiff's pauper

status,[2] the Defendants' status as government officials,[3] and the involvement of prison conditions in the underlying allegations.  *See* Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), 42 U.S.C. § 1997e(c)(1).  On screening, the Court should summarily dismiss the claims involving taunts and cell assignments.

On screening, the Court must determine whether the Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  Thus, the Plaintiff incurs a duty "to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted).

In describing the background of the case, Mr. Allen states that after he complained to prison officials about cancellation of visitation, he was taunted by jail officials for over an hour.  Complaint at p. 2-A.  The Tenth Circuit Court of Appeals has held that verbal taunts are not actionable under Section 1983.[4]  As a result, the Court should summarily dismiss the claim involving taunts.  The defect is not curable, and the dismissal should be with prejudice.

---

[2]      *See* Order Granting Leave to Proceed *in Forma Pauperis* (May 30, 2008).

[3]      *See* Complaint at pp. 1- 2-A.

[4]      *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding that "verbal taunts" alone "do not violate the Eighth Amendment" (citation omitted)); *Ragland v. Romer*, 73 F.3d 374, 1996 WL 1797, Westlaw op. at 2 (10th Cir. Jan. 3, 1996) (unpublished op.) (noting that courts have consistently held that "verbal taunts" to an inmate "do not violate the Eighth Amendment" (citation omitted)); *see also Rivera v. Hassler*, 79 Fed. Appx. 392, 394 (10th Cir. Oct. 24, 2003) (unpublished op.) (holding as a matter of law that a detention officer's verbal abuse, consisting of harassment and teasing, did not result in a constitutional deprivation).

*See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the district court properly dismissed the complaint with prejudice).

The Plaintiff has also complained in Count III about placement in a cell with convicted federal prisoners.  Complaint at p. 4.  The Court may assume *arguendo* that cell assignments could be actionable under Section 1983 when authorities disregard a known danger to the plaintiff.[5]  But Mr. Allen has not suggested any reason to believe that jail officials were aware of a danger by a cell assignment with convicted federal prisoners.  In the absence of such an allegation, the claim involving assignment to a cell with convicted federal prisoners is facially invalid and should be summarily dismissed.[6]  But because the defect is potentially curable, the dismissal should be without prejudice and with leave to amend.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that the

---

[5]    *See Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir. 1988) (*per curiam*) ("The failure of prison officials to protect an inmate from attacks by other inmates *may* rise to the level of an Eighth Amendment violation." (citation omitted; emphasis in original)); *see also Proenza v. Greco*, 3 Fed. Appx. 742, 744 (10th Cir. Jan. 16, 2001) (unpublished op.) (concluding that a claim regarding placement of an inmate "in a cell with a 'known contracted beater of other inmates' is viable" under Fed. R. Civ. P. 8).

[6]    *See Verdecia v. Adams*, 327 F.3d 1171, 1175-77 (10th Cir. 2003) (holding that the defendants were entitled to summary judgment on a claim involving danger in a cell assignment because of the absence of evidence involving subjective knowledge of the risk); *Hoover v. Keating*, 59 Fed. Appx. 288, 292-93 (10th Cir. Feb. 7, 2003) (unpublished op.) (upholding summary judgment for the defendants on a prisoner's Section 1983 claim, based on a dangerous cell assignment, because of the lack of evidence to suggest awareness of a substantial risk of serious harm); *see also Szymanski v. Benton*, 289 Fed. Appx. 315, 320 (10th Cir. Aug. 14, 2008) (unpublished op.) ("We decline to adopt a general rule imposing on prison guards an affirmative duty to inquire privately whether a prisoner fears for his safety, absent a showing that the prisoner could not reasonably voice those concerns without such an inquiry.").

dismissal should be without prejudice and with leave to amend when a *pro se* claimant's pleading defects are potentially curable).

Remaining Claims:  Dismissal or Summary Judgment

The Court should consider the remaining claims in light of the Defendants' dispositive motion.

## I.     Standard for Dismissal and Summary Judgment

The Defendants have moved for dismissal under Fed. R. Civ. P. 12(b)(6).  In addition, as discussed above, the Defendants' motion should include an alternative motion for summary judgment.  *See supra* p. 2.

### A.     Standard for Dismissal

The standard for dismissal on screening is discussed above.  *See supra* p. 3.  The same standard governs on the Defendants' motion to dismiss.  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." (citation omitted)).

### B.     Standard for Summary Judgment

For purposes of summary judgment, the Defendants bear the burden to establish their right to judgment.  *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002).  Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

II.     Motion to Dismiss by Defendant Sheriff Roady and Undersheriff Brooks

Defendants Roady and Brooks move for dismissal in part based on a lack of personal participation in the underlying acts.[7]  *See* Defendants' Dispositive Motion at pp. 1-3. The Court should grant the motion on this ground.

A.     Sheriff Roady

In response to the dispositive motion, Mr. Allen argues that Sheriff Roady had participated "as a supervisor failing to supervise or train subordinates adequately . . . ." Response to Defendants[] Motion for Summary Judgement at pp. 2-3 (Oct. 6, 2008) ("Plaintiff's Response"). This argument is insufficient as a matter of law.

Liability under Section 1983 cannot rest upon the doctrine of *respondeat superior*[8] or an individual's status as a supervisor.[9]  Instead, to properly allege supervisory liability, the inmate must identify an "affirmative link" between the constitutional deprivation and the

---

[7]     Sheriff Roady and Undersheriff Brooks also raise the defense of qualified immunity. Defendants' Dispositive Motion at pp. 8-11.  The Court need not address this defense in light of the necessity of dismissal on other grounds. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998).

[8]     *See Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[9]     *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

6

supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). This link "must be alleged in the complaint . . . ." *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Mr. Allen has made a blanket allegation that Sheriff Roady failed to supervise his subordinates. *See* Plaintiff's Response at pp. 2-3. But liability would exist only if Sheriff Roady was aware of and failed to prevent the constitutional violations.[10] Mr. Allen has not made the necessary allegations, and the complaint fails to state a valid claim for relief against Sheriff Roady. Because amendment could potentially cure the defect, the proposed dismissal should be without prejudice and with leave to amend. *See supra* pp. 4-5.

B.    Undersheriff Brooks

The complaint is also devoid of any allegations suggesting participation by Undersheriff Brooks in the underlying acts.

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim." (citations omitted)). In this circuit, the plaintiff must plead facts in the complaint that would suggest the Defendant's participation in the

---

[10]    *See Pierce v. Amaranto*, 276 Fed. Appx. 788, 791 (10th Cir. May 1, 2008) (unpublished op.) (holding that a plaintiff's allegation that a sheriff had failed to supervise jailers was insufficient for supervisory liability unless he had known of and failed to alleviate the conditions).

underlying acts.[11]  Nothing in the complaint would suggest participation by Undersheriff

Brooks in any of the alleged acts.[12]

All parties rely on evidence outside of the complaint.  For example, in his response

to the motion to dismiss, Mr. Allen states for the first time that Mr. Brooks was present on

April 8, 2008, and observed Captain Avance's improper conduct.  Plaintiff's Response at

p. 2.[13]  Responding to this statement, Undersheriff Brooks presents two affidavits, which state

under oath that he was not at the jail on April 8, 2008.  Defendants' Reply to Plaintiff's

Response to Defendants [sic] Motion to Dismiss, Attachments A-B (Nov. 10, 2008)

("Defendants' Reply").

---

[11]     *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156-57 (10th Cir.
2001) (stating that an affirmative link between the named defendant and the constitutional violation
must be alleged in the complaint); *see also supra* pp. 6-7.

[12]     The Plaintiff did refer in the complaint to unidentified officers.  For example, in the
background discussion, Mr. Allen stated that he had been hog-tied and taunted by Captain Avance
and "other officer's" [sic].  Complaint at p. 2-A.  In Count II, the Plaintiff stated that "jail officials"
had disregarded the requests for medical treatment and commented that they would supply medical
treatment only if he were to die first.  *Id.* at p. 3.  And in Count III, the Plaintiff referred to "jail
officials."  *Id.* at p. 4.  The Court cannot assume that the Plaintiff had intended the references to
relate to Undersheriff Brooks. *See Johnson v. Johnson*, 466 F.3d 1213, 1213, 1216 (10th Cir. 2006)
(*per curiam*) (holding that the district court had erred by assuming that a *pro se* litigant's references
to "unidentified jail officials" had related to the sheriff named in the complaint).

[13]     The Court may assume *arguendo* that Mr. Brooks could have incurred liability under Section
1983 if he had observed the incident and failed to intervene.  *See Fogarty v. Gallegos*, 523 F.3d
1147, 1162 (10th Cir. 2008) ("An officer who fails to intervene to prevent a fellow officer's
excessive use of force may be liable under § 1983." (citation omitted)); *Mick v. Brewer*, 76 F.3d
1127, 1136 (10th Cir. 1996) ("Tenth Circuit precedent clearly established before June 18, 1992 that
a law enforcement official who fails to intervene to prevent another law enforcement official's use
of excessive force may be liable under § 1983." (citations omitted)).

But a motion to dismiss is based on the complaint itself.[14]  As a result, the Court should disregard the new allegation in the Plaintiff's response, which states for the first time that Mr. Brooks was present at the scene on April 8, 2008.[15]  Likewise, the Court should disregard the affidavits attached to the Defendants' reply, as their argument involving a lack of participation arose on a motion to dismiss under Rule 12(b)(6) rather than a challenge to the Plaintiff's evidence under Rule 56.[16]

Because the complaint lacks any allegations suggesting participation by Undersheriff Brooks, the Court should dismiss all causes of action against him for failure to state a valid claim on which relief can be granted.[17]  But because the defect is potentially curable, the dismissal should be without prejudice and with leave to amend.  *See supra* pp. 4-5, 7.[18]

---

[14]     *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." (citation omitted)); *see also supra* p. 5.

[15]     *See Bruner v. Baker*, 506 F.3d 1021, 1030 (10th Cir. 2007) (holding that the plaintiff's failure to raise an argument in the complaint allowed the district court to ignore the argument).

[16]     *See Miller v. Glanz*, 948 F.2d 1562, 1565-66 (10th Cir. 1991) (holding that the district court had erred in considering the defendant's evidence, including an affidavit, in connection with his motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

[17]     *See Trujillo v. Williams*, 465 F.3d 1210, 1227-28 (10th Cir. 2006) (upholding dismissal of claims based on the absence of allegations in the complaint that would suggest the defendants' personal participation in the underlying acts).

[18]     The new allegations in the Plaintiff's response brief could be viewed as a potential request to amend the complaint.  *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).  Regardless of the possibility of such treatment, the suggested rulings would allow Mr. Allen to amend the complaint.  *See supra* pp. 4-5, 7.  As a result, the Court need not decide whether to treat the new allegations in Mr. Allen's response brief as a request for leave to amend.  If Mr. Allen chooses to amend, he could add the allegations in the new version of the complaint to be filed.

III.   <u>Captain Dennis Avance's Dispositive Motion</u>

Captain Avance addresses only the claims involving denial of medical care, excessive force, and threats.  *See* Defendants' Dispositive Motion at pp. 6-8; Defendants' Reply at pp. 3-5.

On the claims concerning denial of medical care and excessive force, Captain Avance's argument for dismissal or summary judgment is invalid.  But the captain is entitled to dismissal with prejudice on the allegations involving threats.

A.   <u>Denial of Medical Care</u>

In the complaint, Mr. Allen stated under oath that he had experienced pain in his lower back and shoulders since April 8, 2008, and that jail officials stated that they would provide medical treatment if he "f[e]ll dead."  Complaint at p. 3.  Captain Avance relies on the Special Report, which stated that Mr. Allen had never complained about the injury to his back or shoulders.  Defendants' Dispositive Motion at pp. 6-7; Defendants' Special Report at p. 6 (Sept. 15, 2008).

This argument is invalid for purposes of summary judgment.  As Captain Avance contends, a special report is treated like an affidavit.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).  But "the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  *Id.* (citation omitted).  Thus, evidence includes the complaint when it is based on personal knowledge and has been sworn under penalty of perjury.  *See id.* ("The plaintiff's complaint may also be

treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury." (citation omitted)).

When viewed favorably to Mr. Allen, the evidence would suggest the continuation of pain since April 8, 2008.  This evidence includes the special report.  As noted above, the report states in part that Mr. Allen "never verbally complained" after April 8, 2008, about injury to his back or shoulders.  Defendants' Special Report at p. 6 (Sept. 15, 2008); *see supra* p. 10.  But elsewhere, the special report recites that on May 22, 2008, Mr. Allen complained to Dr. Whitehouse of "right shoulder and back pain."  *Id.* at p. 3.  The special report does not mention any treatment or medication for the pain described to Dr. Whitehouse.  *See id.*

Apart from the reference in the special report to the complaint on May 22, 2008, Mr. Allen stated under oath that he had suffered "pain" and "major problems" in his lower back and shoulders since April 8, 2008.  Complaint at pp. 2-A, 3, 6.  As noted above, this sworn statement is considered evidence for purposes of summary judgment.  *See supra* p. 10.

The conflicting evidence creates a classic factual dispute about the existence of pain, and the Defendant's argument goes no further than disbelief about the Plaintiff's current complaints.  These complaints are evidenced in the verified complaint and special report, foreclosing summary judgment on this ground.[19]

---

[19]     The Defendants have argued that they were not deliberately indifferent "to any of Plaintiff's serious medical needs."  Defendants' Dispositive Motion at p. 6.  This argument does not appear to question whether the pain complaints would have been sufficiently serious to merit protection under the Eighth Amendment.  But any such argument would have been futile for purposes of the motion for summary judgment.  In this circuit, substantial pain can trigger constitutional protection.  *See*

B.      Alleged Used of Excessive Force

The Court should also reject Captain Avance's argument for summary judgment on the excessive force claims.

Standard for Evaluation of Claims Involving Excessive Force

Generally, the Eighth Amendment prevents "'the unnecessary and wanton infliction of pain . . . .'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation omitted).  In excessive force cases, constitutionality "turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 6 (citation omitted).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9 (citation omitted).

_____

*Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) ("We have held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." (citation omitted)); *see also Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) ("The 'substantial harm' can also be an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." (citation omitted)).  As noted above, the Plaintiff stated in a verified complaint that he had experienced "major problems" and continuing "pain" in his lower back and shoulders. Complaint at pp. 2-A, 3, 6.  Because the statement was made under oath, it would have prevented summary judgment on the seriousness of the pain for purposes of the Eighth Amendment. *See supra* pp. 5-6, 10-11; *see also Mata v. Saiz*, 427 F.3d 745, 753-55 (10th Cir. 2005) (holding that the plaintiff's evidence of severe chest pain for several days prevented summary judgment on the objective component of a prisoner's Eighth Amendment claim involving inadequate medical care).

Allegation of Excessive Force on April 8, 2008

In a verified complaint, Mr. Allen alleges that he had complained when visitation was cancelled on April 8, 2008.[20]  The Plaintiff states that in response, he was pulled into the drunk tank by Captain Avance and others and "hog-tie[d]" by being handcuffed from behind with his feet and hands tied together.  Complaint at p. 2-A.  Mr. Allen alleges that he was then placed on the "floor covered in water" and left for "an hour," creating "major problems with [his] lower back and both shoulders."  *Id.*

Captain Avance agrees that the Plaintiff was "hobbled," but claims that it was for a "short period of time" and "not for punitive reasons."  Defendants' Reply at pp. 4-5.  According to the Defendant, Mr. Allen was removed from his cell for behavioral reasons and was restrained because he had "struggled."  Defendants' Reply, Attachment B at pp. 2-4 (sworn affidavit of Captain Avance).  Captain Avance suggests that the use of force was "de minimis."  Defendants' Dispositive Motion at p. 7.

The Court is again faced with a classic swearing match, which cannot be resolved on a motion for summary judgment.  Mr. Allen's verified complaint suggests that he was not acting in a threatening way when he was removed from his cell and "hogtied" or "hobbled."  *See supra* p. 13.  In the absence of a penological objective, the fact-finder could reasonably

---

[20]    Complaint at pp. 2 - 2-A, 6; *see supra* pp. 10-11, pp. 11-12 n.19 (stating that for purposes of summary judgment, evidence includes the complaint when it is based on personal knowledge and has been signed under oath).

infer a malicious intention from Defendant Avance's actions.[21]  And a reasonable jury could find that the force was not "de minimis" if Captain Avance had "hogtied" or "hobbled" Mr. Allen without provocation and had left him in that condition on a wet floor for an hour.[22]  Thus, the Court should reject Defendant Avance's argument for summary judgment on this ground.

C.    <u>Other Claims</u>

Captain Avance addresses Count III as if it involved only threats.  Defendants' Dispositive Motion at p. 8.  This interpretation is too narrow.

<u>Interpretation of Count III of the Complaint</u>

In Count III, the Plaintiff identified the claim as continuation by jail officials "to threaten the Plaintiff.  8th Amendment violation.  (Serious threats on [his] life)."  Complaint at p. 4.  In the supporting facts, Mr. Allen stated:

> They continue to throw me in the Drunk tank with no supplies to discourage me taking everything from me, also . . . the Captain told me that he could tell the Federal inmates to make It Rough on me.  (I fear for my life here)  I have gotten into several altercations with convicted Prisoners.

*Id.*

---

[21]    *See Giron v. Corrections Corporation of America*, 191 F.3d 1281, 1290 (10th Cir. 1999) ("Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct, . . . the conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm.'" (citations omitted)).

[22]    *See Gutierrez v. City of San Antonio*, 139 F.3d 441, 445-50 (5th Cir. 1998) (holding that the defendants were not entitled to summary judgment because of the presence of multiple factual disputes bearing on the objective reasonableness of hog-tying to effect an arrest); *cf. Cruz v. City of Laramie, Wyoming*, 239 F.3d 1183, 1188 (10th Cir. 2001) (holding that officers cannot use "hog-tie restraints" "when an individual's diminished capacity is apparent").

As noted above, the Court must liberally construe the complaint because it was filed *pro se*. *See supra* p. 2. Together, Count III and the supporting facts suggest complaints about:

- threatening remarks by Captain Avance regarding his ability to tell the federal inmates to "make it rough" on Mr. Allen and

- continued placement in the drunk tank without supplies to "discourage" Mr. Allen.

Complaint at p. 4.

<u>Alleged Threats</u>

In part, the Plaintiff alleges threats to encourage "rough" conduct by other inmates. *See supra* p. 14. This allegation is facially insufficient to suggest a constitutional violation.

The constitutionality of the threat must be viewed in terms of the allegation in the complaint. In arguing that this allegation is insufficient, Captain Avance broadly argues that "threats are not a constitutional violation, and is [sic] not actionable under 42 U.S.C. § 1983." Defendants' Dispositive Motion at p. 8. The Defendant's characterization of the law is too broad and his cited authorities do not address a threat to incite physical violence, like the remark attributed to Captain Avance.[23] Other decisions do so, however, and they would

---

[23] The Defendant relies on three cases: *Blueford v. Prunty*, 108 F.3d 251 (9th Cir. 1997), *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir. 1995), and *Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992). *Blueford* and *Adkins* address only arguments on qualified immunity when a plaintiff complained of sexually suggestive remarks, and *Northington* does not support the Defendant's broad generalization about the constitutionality of threats.

For example, in *Blueford v. Prunty*, the court confronted a qualified immunity argument involving a prisoner's claim that his supervisor had made sexually suggestive comments, characterized as "puerile and vulgar same-sex trash talk." *Blueford v. Prunty*, 108 F.3d at 252, 254.

foreclose civil liability even if the Court were to fully credit the Plaintiff's allegations in the complaint.

The Tenth Circuit Court of Appeals has recognized that infliction of psychological harm can constitute cruel and unusual punishment in limited circumstances.[24] For example, when an officer brandishes a weapon and says that he will use it, the threat itself may create

---

The Ninth Circuit Court of Appeals noted that "the pendulum" had begun to favor "same-sex harassment claims," but held that the supervisor enjoyed qualified immunity because the underlying constitutional right had not been "clearly established." *Id.* at 253-55.

And in *Adkins v. Rodriguez*, the court confronted an issue of qualified immunity when a female prisoner had complained of a trainee's verbal comments about her body, his own "sexual prowess," and his "sexual conquests." *Adkins v. Rodriguez*, 59 F.3d at 1035-36. In holding that the officials enjoyed qualified immunity, the court contrasted the trainee's "words of sexual harassment with the sort of violence or threats of violence cognizable in the conditions of confinement cases the Court has addressed." *Id.* at 1037.

*Blueford* and *Adkins* do not address the constitutionality of threats of physical violence. And, as noted above, the dicta in *Adkins* suggests that "threats of violence" may be cognizable in an action arising under Section 1983. *See Adkins v. Rodriguez*, 59 F.3d at 1037.

The only other decision relied upon by the Defendant is *Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992). As discussed elsewhere, the *Northington* court acknowledged that a threat of physical violence could violate the Eighth Amendment in certain circumstances. *See infra* pp. 16-17.

Citing the three cases, the Defendant broadly argues that "threats are not a constitutional violation." Defendants' Dispositive Motion at p. 8; *see supra* p. 15. This conclusion overstates the analysis in the three cited cases. Two of the cited cases address sexually suggestive remarks rather than threats, and the third opinion acknowledges that at least in some cases a threat of physical violence could result in violation of the Eighth Amendment.

[24]    *See Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) ("we are in accord with Justice Blackmun's views in *Hudson v. McMillian*, 503 U.S. at 16-17, 112 S. Ct. 995 (Blackmun, J., concurring in the judgment), that the Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm"); *see also Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (stating that a prison official's infliction of "psychological injury may constitute pain under the Eighth Amendment excessive force standard").

an Eighth Amendment violation even if no force is actually used.  *See Northington v. Jackson*, 973 F.2d 1518, 1520, 1524 (10th Cir. 1992) (holding that the district court could not order dismissal under Rule 12(b)(6) when a prisoner plaintiff alleged that two officers had placed a revolver to the head and threatened to pull the trigger).  Outside of this limited circumstance, however, the court has held as a matter of law that threats to commit physical violence do not violate the federal constitution.[25]

Under Tenth Circuit precedents, the distinction rests on whether the threat of impending physical harm is considered "idle" or "imminent."[26]  The complaint suggests a threat of physical violence, but not one that could arguably be considered "imminent."  The Plaintiff's allegation was that Captain Avance had remarked that he could incite other prisoners to make "it rough" on Mr. Allen.  *See supra* pp. 14-15.  The alleged comment

---

[25]    *See Alvarez v. Gonzales*, 155 Fed. Appx. 393, 396 (10th Cir. Nov. 10, 2005) (unpublished op.) ("Mere verbal threats . . . do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992))); *see also Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (*per curiam*) (holding that an official's threat to hang an inmate was insufficient to state a constitutional deprivation under Section 1983); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding as a matter of law that a threat to spray an inmate with mace did not violate the Eighth Amendment); *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (holding that an inmate's allegations involving continuing threats by officials to "kill . . . fail by themselves to state a constitutional claim cognizable under § 1983" (citation omitted)).

[26]    *See Purkey v. Green*, 28 Fed. Appx. 736, 745 (10th Cir. Aug. 17, 2001) (unpublished op.) ("While an 'idle threat' of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim, an imminent threat of serious harm, even though injury never actually occurs, will suffice." (citations omitted)); *see also Jenner v. McDaniel*, 123 Fed. Appx. 900, 904 (10th Cir. Feb. 17, 2005) (unpublished op.) ("An 'idle threat' of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim." (citation omitted)); *cf. Alvarez v. Gonzales*, 155 Fed. Appx. 393, 396 (10th Cir. Nov. 10, 2005) (unpublished op.) (quoted *supra* note 25).

would undoubtedly have been improper.  But the impropriety would not have translated into a constitutional violation under the established precedents in this circuit.[27]  Thus, the Court should grant Captain Avance's motion to dismiss the allegation involving a threat to incite violence.  Because the defect is not curable, the dismissal should be with prejudice.  *See supra* pp. 3-4.

> Alleged Placement in the Drunk Tank, Without Supplies, to Discourage Mr. Allen

The Plaintiff also claims that after April 8, 2008, he was periodically deprived of his supplies and segregated in the "drunk tank" to "discourage [him]."  Complaint at p. 4; *see supra* p. 14.  As noted above, the Court must liberally construe these claims in light of the Plaintiff's *pro se* status.  *See supra* p. 2.  In attributing a motive involving discouragement, the Plaintiff appears to suggest that authorities have engaged in harassment as punishment or as retaliation for his complaint about the cancellation of visitation on April 8, 2008.  Defendant Avance has not addressed either theory of liability in his dispositive motion.[28]

---

[27]     *See supra* pp. 16-17; *see also Rivera v. Hassler*, 79 Fed. Appx. 392, 394 (10th Cir. Oct. 24, 2003) (unpublished op.) (holding as a matter of law that alleged verbal abuse, while "deplorable and unprofessional," would not constitute cruel and unusual punishment).

[28]     The Eighth Amendment could provide a potential source of constitutional protection, as the Supreme Court has noted in dicta that the Eighth Amendment could provide "a remedy for calculated harassment unrelated to prison needs."  *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

        The First Amendment could also provide Mr. Allen with constitutional protection, as the complaint suggests placement in the drunk tank without supplies as retaliation for his complaint about the denial of visitation on April 8, 2008.  Oral complaints to prison authorities could be protected under the First Amendment.  *See Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) (holding that the First Amendment right to petition for redress of grievances provides constitutional protection for an inmate's complaints, regardless of whether they are expressed orally or in writing);

D.    Defense of Qualified Immunity

Invoking qualified immunity, Captain Avance seeks dismissal on grounds that Mr. Allen has not alleged violation of "'clearly established'" constitutional rights. Defendants' Dispositive Motion at pp. 8, 11.[29]   The Defendant is incorrect on the claims involving excessive force and denial of medical care.

Standard for Qualified Immunity

In light of the assertion of qualified immunity, Mr. Allen must identify a specific constitutional right and show that it had been "clearly established" before the alleged misconduct. *See Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the

_____

*Watkins v. Kasper*, 560 F. Supp. 2d 691, 694 (N.D. Ind. 2008) ("Oral grievances [by prisoners] are protected the same as written grievances."); *see also Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) ("It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement."(citation omitted)).  Thus, the federal constitution could prohibit repeated placement in the drunk tank and denial of supplies if they were intended as harassment for Mr. Allen's oral complaints on April 8, 2008. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (stating that prison officials cannot harass an inmate because of his exercise of constitutional rights even when the retaliatory acts would otherwise be permissible).

[29]    Captain Avance also incorporates his previous arguments to assert the absence of allegations involving any violation of constitutional rights. Defendants' Dispositive Motion at p. 8.  The broad statement is not correct on the claims involving denial of medical care and excessive force by Captain Avance.  On these claims, Captain Avance has relied on the special report and his argument above rested on the evidence rather than the allegations in the complaint. Defendants' Dispositive Motion at pp. 6-8; *see supra* pp. 10-14.  Thus, Captain Avance never challenged the sufficiency of the Plaintiff's allegations in the complaint regarding the denial of medical care or excessive force. *See supra* pp. 1, 10-14; Fed. R. Civ. P. 12(d).

law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).  In the absence of such authority, the Supreme Court has noted:

> For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citations omitted).

Excessive Force

On the excessive force claim, the Plaintiff has met his burden.  First, Mr. Allen has identified a constitutional prohibition against the use of force to cause pain.  *See supra* pp. 12-14.  Second, before the incident, the Tenth Circuit Court of Appeals had held in reported decisions that an inmate enjoyed a clearly established right to be free from the malicious and sadistic use of force intended to cause harm.  *See DeSpain v. Uphoff*, 264 F.3d 965, 980 (10th Cir. 2001) (noting that "clearly established" constitutional rights included protection against excessive use of force that was applied "'maliciously and sadistically for the very purpose of causing harm'" (citation omitted)).  Consequently, for the excessive force claim, Captain Avance is not entitled to dismissal based on his theory that the constitutional right had not been clearly established.

Denial of Medical Care

Before April 8, 2008, governing precedents had also "clearly established" a constitutional prohibition against a prison official's deliberate indifference to a prisoner's

serious medical needs.[30]  As a result, on the claim involving inadequate medical care, the Court should reject Captain Avance's argument for dismissal based on the absence of a clearly established constitutional right.

## Summary

The Court should:

- summarily dismiss the allegations involving taunts, ordering dismissal with prejudice

- summarily dismiss the claims involving dangerous cell assignments, ordering dismissal without prejudice and with leave to amend

- grant the motion to dismiss by Sheriff Roady and Undersheriff Brooks, ordering dismissal without prejudice and granting leave to amend within 20 days

- deny Captain Avance's motion for dismissal or summary judgment on the claims involving denial of medical care and excessive force and

- grant Captain Avance's motion to dismiss on the claim involving threats, ordering dismissal with prejudice.

## Notice of the Right to Object

The parties have the right to object to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1) (2000).  Any objection must be filed with the Court Clerk for the United States District Court.  *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).  The

---

[30]     *See Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005) ("there is little doubt that deliberate indifference to an inmate's serious medical need is a clearly established constitutional right" (footnote omitted)); *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) ("A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs - if he 'knows of and disregards an excessive risk to inmate health or safety.'" (citations omitted)).

deadline for objection is January 11, 2009.  *See* W.D. Okla. LCvR 72.1.  The failure to timely object to this report and recommendation would constitute a waiver of the right to appellate review over the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Status of the Referral

The referral is terminated.

Entered this 22nd day of December, 2008.

Robert E. Bacharach
United States Magistrate Judge