IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DWIGHT L. ALLEN,                    )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        Case No. CIV-08-485-F
                                   )
SHERIFF BILL ROADY, *et al.*,      )
                                   )
                Defendants.        )

## REPORT AND RECOMMENDATION

Mr. Dwight Allen has sued Captain Avance under 42 U.S.C. 1983 for constitutional

violations at the Garvin County Detention Center.  The remaining claims involve:

- excessive force from the application of four point restraints on April 8, 2008,

- lack of medical care following the incident, and

- retaliation through repeated placement in a drunk tank without supplies.

Civil Rights Complaint Pursuant to 42 U.S.C. §1983 at pp. 2-A - 5 (May 7, 2008)

("Complaint").  Captain Avance moves for summary judgment, and the Court should:

- grant the motion on the claims involving excessive force and denial of medical
  care and

- deny the motion on the retaliation claim.

I.      Standard for Summary Judgment

For purposes of summary judgment, Defendant Avance bears the burden.  *See Trainor*

*v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002).  Summary judgment

is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

The burden of persuasion falls on the Plaintiff for the elements of a *prima facie* case. *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof regarding the essential elements of a Section 1983 claim). Thus, Captain Avance need only produce affirmative evidence negating an essential element of the claim or show that Mr. Allen lacks evidence to carry his burden. *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). If Captain Avance satisfies his burden of production, Mr. Allen would incur a duty to present evidence creating "an inference of the existence of each element essential to the case with respect to which [he] has the burden of proof." *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (citations omitted). In the absence of such evidence, Captain Avance would be entitled to summary judgment. *See id.*

II.     Denial of Medical Care

In the complaint, Mr. Allen stated under oath that he had experienced pain in his lower back and shoulders since April 8, 2008, and that jail officials had remarked that they would

provide medical treatment if he were to die. Complaint at p. 3. Based on this allegation, Mr. Allen asserts a claim against Captain Avance for deliberate indifference to serious medical needs.

Deliberate indifference to an inmate's pain could create liability under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). For liability, the inmate must show that the pain was "sufficiently serious" and that the official showed "deliberate indifference" to the condition. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Plaintiff's version of events would not create liability because of the absence of any evidence involving deliberate indifference on the part of Captain Avance following the pain complaint.[1] The evidence is undisputed that Mr. Allen initially complained about pain from the incident in a visit with Dr. Whitehouse on May 22, 2008. According to Mr. Allen, the physician stated that he was only authorized to provide treatment for a rash. The Plaintiff's frustration with the alleged response would be understandable. However, the

---

[1]    In the complaint, Mr. Allen expressly confined the medical claim to problems with his "lower back and both shoulders." Complaint at pp. 2-3. But in a supplemental declaration, Mr. Allen appeared to broaden the claims to include improper treatment for high blood-pressure. Sworn Declaration of Dwight Allen at p. 4 (Mar. 3, 2010). There Mr. Allen stated that he had told unspecified staff members about conditions involving high blood-pressure and headaches. *Id.* at p. 3. Then, according to Mr. Allen, Captain Avance supplied Tylenol to treat the high blood-pressure and headaches. *Id.* at p. 4; *see* Response to the Defendants [sic] Motion for Summary Judgment at p. 6 (Dec. 28, 2009) ("The Plaintiff admits that he was given medical attention by Jail Captain, Mr. Avance who prescribed Tylenol for the Plaintiff's shoulder's [sic], back and high blood pressure problems before sending Plaintiff to a real doctor."). In the supplemental declaration, the Plaintiff alleged for the first time that the Tylenol would have risked fatal injury because of his high blood-pressure. Sworn Declaration of Dwight Allen at p. 4 (Mar. 3, 2010). Even if this claim had been included in the complaint, however, it would have failed as a matter of law because the alleged negligence in the treatment of high blood-pressure would not have constituted deliberate indifference to the condition. *See Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).

constitutional claim is being asserted against Captain Avance rather than Dr. Whitehouse. Captain Avance would incur civil liability only if he had been aware of the pain complaint made to Dr. Whitehouse,[2] and no evidence exists regarding such awareness. Without such evidence, the Court lacks a reasonable basis to infer deliberate indifference on the part of Captain Avance.

Even if Captain Avance had provided instructions to treat only the rash, one would be hard-pressed to infer deliberate indifference to other medical conditions. Captain Avance provided undisputed evidence that Dr. Whitehouse had seen Mr. Allen for a skin rash on May 15, 2008, providing medication and telling him to return if the condition did not improve within ten days. A medical report for May 15, 2008, notes that Mr. Allen was seen on that day for a rash. Dr. Whitehouse remarked in the note: "If symptoms are not better within 10 days he is to call or be seen on repeat basis for further exam." Defendant Dennis Avance's Brief in Support of Motion for Summary Judgment, Exh. 3 at p. 6 (Nov. 16, 2009).

Captain Avance's sworn statement then describes a follow-up examination by Dr. Whitehouse seven days later, on May 22, 2008. The captain states: "Because Mr. Allen claimed his rash had not improved, the Jail took him back to Dr. Whitehouse for a doctor's

---

[2]    *See Persaud v. Doe*, 213 Fed. Appx. 740, 745 (10th Cir. Jan. 24, 2007) (unpublished op.) (holding that a physician's assistant was entitled to summary judgment on a Section 1983 claim based on the absence of evidence involving his awareness of the inmate-plaintiff's ankle pain); *see also Garrett v. Stratman*, 254 F.3d 946, 949-50 (10th Cir. 2001) (stating that the subjective component of liability requires the prison official's actual knowledge of a substantial risk of serious harm).

visit on May 22, 2008." *Id.*, Exh. 1 at p. 3.[3] Captain Avance's sworn statement is supported by Dr. Whitehouse's contemporaneous notation for May 22, 2008, which provides: "The pt was in for the rash being worse. He states that it got better after the first day, but since then seems to be getting worse." *Id.*, Exh. 3 at p. 6.

This evidence supplies the backdrop for Mr. Allen's suggestion that Dr. Whitehouse had been told to confine his treatment to the rash. The undisputed evidence was that Mr. Allen requested treatment on May 22, 2008, solely because the rash had worsened. Mr. Allen alleges that he then complained to Dr. Whitehouse about pain in the shoulder and received no treatment for the condition. But Mr. Allen presents no evidence of fault on the part of Captain Avance for his failure to respond to a pain complaint that had been made to someone else. In these circumstances, the Court should grant summary judgment to Captain Avance on the claim involving denial of medical care.

III.   Excessive Force

The excessive force claim is based on the use of four point restraints on April 8, 2008. As a matter of law, Captain Avance is entitled to qualified immunity on this claim.

The evidence consists of the Plaintiff's sworn complaint, the special report, and Captain Avance's affidavit. Together, the evidence is undisputed on the material aspects of the incident.

---

[3]     In his response brief, Mr. Allen admits that his treatment had been ordered because of concern over his rash. Response to the Defendants [sic] Motion for Summary Judgment at p. 6 (Dec. 28, 2009).

Mr. Allen and Captain Avance agree that four point restraints were applied. This restraint involved placement of handcuffs on the wrists, use of leg shackles on the ankles, and tying of the ankles and wrists together. Some differences exist in the accounts. For example, the Plaintiff states that he remained in this position for an hour and Captain Avance states that the incident took only fifteen minutes.

The issue presented is whether the Plaintiff's version of the account would involve a violation of clearly established constitutional rights. The Court should answer in the negative.

In light of the assertion of qualified immunity, Mr. Allen must identify a specific constitutional right and show that it had been "clearly established" before the alleged misconduct. *See Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Cruz v. Laramie, Wyoming*, 239 F.3d 1183, 1187 (10th Cir. 2001) (quoting *Medina v. Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992) (citation omitted)). In the absence of such authority, the Supreme Court has noted:

> For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citations omitted).

Under this test, Captain Avance is entitled to qualified immunity as a matter of law. Even if the restraints had been applied in the manner alleged by Mr. Allen, Captain Avance would have lacked fair notice of a constitutional infirmity.

The Tenth Circuit Court of Appeals addressed the constitutionality of a hog-tie restraint in *Cruz v. Laramie, Wyoming*, 239 F.3d 1183 (10th Cir. 2001). There the court held that officers could not utilize the hog-tie restraint "when an individual's diminished capacity is apparent." *Cruz v. Laramie, Wyoming*, 239 F.3d at 1188. But the court expressly reserved consideration of the constitutionality of a hog-tie restraint when the inmate's mental capacity appears intact. *Id*. ("We do not reach the question whether all hog-tie restraints constitute a constitutional violation *per se* . . . .").

Since this decision, the Supreme Court and Tenth Circuit Court of Appeals have not had the occasion to address the issue left unresolved in *Cruz*. Without a dispositive ruling in either appellate court, the district court cannot regard protection from four point restraints - in the absence of diminished capacity - as a "clearly established" constitutional right.[4]

The district court earlier held that the Plaintiff had pled sufficient facts to plausibly suggest a clearly established constitutional right.[5] At the present stage, however, the Plaintiff

---

[4]     *See Estate of McIntire v. Boulder*, 61 Fed. Appx. 639, 644 (10th Cir. Apr. 16, 2003) (unpublished op.) ("[b]ecause the hog-tie restraint had not been ruled unconstitutional by [the Supreme Court or Tenth Circuit Court of Appeals] at the time Defendants acted, their conduct is immunized" under the doctrine of qualified immunity (citation omitted)).

[5]     In the motion to dismiss, Captain Avance and two codefendants had simply argued that none of the allegations involved a violation of clearly established constitutional rights. For this argument, the three defendants discussed five cases without any effort to apply them to the present case. Defendants Roady, Brooks and Avance's Motion and Brief to Dismiss at pp. 8-11 (Sept. 15, 2008).

incurs a heavier burden because Captain Avance is urging summary judgment rather than

dismissal.[6] The captain has presented evidence that the Plaintiff was kicking the cell doors,

creating a disturbance, and preventing officers from collecting trays and utensils that could

be used as weapons. In the face of this evidence, the Plaintiff had a duty to present contrary

evidence. *See supra* p. 2. He has not done so.[7] Thus, the Court has unrebutted evidence that

Captain Avance had overseen the use of a four point restraint to obtain the trays and utensils

from an inmate who was causing a disturbance. Regardless of whether the incident took

fifteen minutes or an hour, Captain Avance would have lacked fair warning in the

constitution or related case law to know that a four point restraint in these circumstances

---

Then, the three defendants simply asserted: "Likewise, in the present case, none of the allegations of Plaintiff constitute a violation of clearly established constitutional rights, and the case should also be dismissed on qualified immunity grounds." *Id*. at p. 11. The Court rejected the Defendants' generic argument for qualified immunity on the claim involving excessive force. Report and Recommendation at p. 20 (Dec. 22, 2008) (Bacharach, J.) (unpublished op.), *adopted* (W.D. Okla. Feb. 23, 2009) (Friot, J.) (unpublished op.). In seeking summary judgment, however, Captain Avance has not rested on his earlier generic assertion of qualified immunity. Instead, he specifically argues that the use of four point restraints did not violate a clearly established constitutional right. Defendant Dennis Avance's Brief in Support of Motion for Summary Judgment at pp. 17-18 (Nov. 16, 2009).

[6]     *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under FED.R.CIV.P. 12(b)(6) and granting judgment under either FED.R.CIV.P. 50 or FED.R.CIV.P. 56 are vastly different.").

[7]     Although the Plaintiff questioned the account in his response brief, the document was not sworn. *See* LCvR 7.1(j) ("[f]actual statements . . . appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court").

would have entailed a violation of the Eighth Amendment.[8]  In these circumstances, Captain Avance is entitled to summary judgment on the claim involving excessive force.

IV.    Retaliation Through Repeated Placement in a Drunk Tank

The Plaintiff also claims repeated placement in a drunk tank as a form of retaliation. For this claim, Captain Avance bases his argument for summary judgment on perceived shortcomings in the allegations of the complaint.  This argument is self-defeating because it confuses the functions of a motion to dismiss and a motion for summary judgment.

The title of Captain Avance's argument reflects reliance on allegations in the complaint rather than the evidence presented: "PLAINTIFF'S COMPLAINT DOES NOT SUFFICIENTLY ALLEGE A 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT AVANCE REGARDING REPEATED PLACEMENT IN A DRUNK TANK WITHOUT SUPPLIES."  Defendant Dennis Avance's Brief in Support of Motion for Summary Judgment at p. 8 (Nov. 16, 2009).  In addition, the Defendant repeatedly argues in the body of his brief that the allegations in the complaint were insufficient to state a valid cause of action:

---

[8]    One Tenth Circuit judge stated:

In Cruz we expressly did not forbid all hog-ties let alone the less restrictive hobble.  Our discussion would lead any reader to think the distinction significant and the reach of the decision limited.  It gives no warning that it should be read expansively to address lesser forms of positional restraint.

Weigel v. Broad, 544 F.3d 1143, 1170 (10th Cir. 2008) (O'Brien, J., dissenting), cert. denied, __ U.S. __, 129 S. Ct. 2387 (2009).

- "Plaintiff's bare allegations are not enough to state a claim for relief against Defendant."

- "In the present case, Plaintiff's allegations involving placement in a drunk tank without supplies simply do not meet the pleading standards."

- "In the present case, Plaintiff does not allege any personal participation by Defendant, instead Plaintiff alleges that 'they' withheld supplies to discourage him."

- "Plaintiff's allegation [in the complaint] does not suggest the required personal involvement."

*Id*. at pp. 8-9.

Captain Avance has requested summary judgment rather than dismissal. Thus, the Court must determine whether the evidence creates a genuine issue of material fact. *See supra* pp. 1-2. For this inquiry, the sufficiency of the complaint is immaterial.[9] Thus, the Court should reject Captain Avance's summary judgment argument on the claim involving retaliation through repeated placement in a drunk tank.[10]

---

[9] The Tenth Circuit Court of Appeals has explained the differences between a motion for dismissal and a motion for summary judgment:

> Different "legally relevant factors" are under consideration on a motion to dismiss and a motion for summary judgment. On a motion to dismiss, a court examines the conduct alleged in the complaint to determine if plaintiff has alleged a violation of clearly established law, whereas, on a motion for summary judgment, a court examines the evidence gathered during discovery.

*Robbins v. Wilkie*, 433 F.3d 755, 764 (10th Cir. 2006) (citations omitted), *rev'd in part on other grounds*, 551 U.S. 537 (2007); *see also supra* pp. 7-8 & note 6 (discussing the difference in standards on motions for dismissal and for summary judgment).

[10] In his reply brief, Captain Avance argues that the Plaintiff has not "overcome [the] qualified immunity defense" on the claim involving repeated placement in a drunk tank. Defendant's Reply to Plaintiff's Response to the Defendants (sic) Motion for Summary Judgment at pp. 7-8 (Jan. 15, 2010). In his opening brief, however, Captain Avance had not urged qualified immunity on this

## V. Summary

The Court should:

- grant Captain Avance's summary judgment motion on the claims involving excessive force and denial of medical care and

- deny the motion on the claim involving retaliation through repeated placement in a drunk tank.

## VI. Notice of the Right to Object

The parties enjoy the right to object to the present report. *See* 28 U.S.C. § 636(b)(1). Any objection must be filed with the Court Clerk for the United States District Court[11] by April 8, 2010.[12] The failure to timely object to this report would constitute a waiver of the right to appellate review over the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## VII. Status of the Referral

The referral is discharged.

---

claim. For example, the Defendant's title for the qualified immunity section suggested that it addressed only the excessive force claim: "DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY REGARDING PLAINTIFF'S EXCESSIVE FORCE CLAIM." Defendant Dennis Avance's Brief in Support of Motion for Summary Judgment at p. 11 (Nov. 16, 2009) (capitalization in the original). In the opening sentence of this section, Captain Avance appeared to add the medical claim when he stated: "Defendant is entitled to qualified immunity regarding Plaintiff's excessive force and denial of medical care claims." *Id.* But in his opening brief, the captain never said anything that would suggest a qualified immunity defense on the claim relating to retaliation through repeated placement in a drunk tank. *See id.* at pp. 8-11.

[11]     *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[12]     *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1).

Entered this 24th day of March, 2010.

Robert E. Bacharach
United States Magistrate Judge