IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWIGHT L. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-485-F |
| | ) | |
| DENNIS AVANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered March 24, 2010 (Doc. No. 94). Plaintiff has filed an objection to the magistrate judge's conclusions in the Report and Recommendation as to plaintiff's claims for denial of medical care and excessive force (Doc. No. 97). Defendant Dennis Avance has filed a response to plaintiff's objection (Doc. No. 99) and an objection to Part IV of the Report and Recommendation, that is, the magistrate judge's conclusion with respect to plaintiff's retaliation claim (Doc. No. 95). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court reviews the Report and Recommendation *de novo* in light of the parties' objections.

Plaintiff's objection to the Report and Recommendation is somewhat disjointed. Plaintiff states, *inter alia*, that he filed several requests to staff, some pertaining to "medical treatment of inmates," objection at p. 1, but asserts that he never received any response to his requests. Plaintiff asks the court to "take under consideration the unexplained reason from April 8, 2008, until Mr. Avance states that the plaintiff made his first request to see a doctor, which was May 15, 2008 (38 days) on the May 15, 2008. Report from Dr. Whitehouse which is different from the May 22, 2008 report

shows no vital signs on the May 15, 2008 report." *Id.* at p. 2. Plaintiff is apparently referring to his high blood pressure problem, which he mentions in the objection, and says that Avance's own report states that plaintiff made Avance aware of this problem in a questionnaire when plaintiff arrived at the jail. *Id.* With respect to his claim for excessive force based upon the incident in which plaintiff was "hogtied," plaintiff simply asks why there were not more statements from officers who had to hold plaintiff down when he was "hogtied" and why there was no statement from Captain Rodney Wright who witnessed that incident.

Although plaintiff states in his objection that he "only used the issue of his high blood pressure to show how Captain Avance completely ignored the plaintiff's problem with his high blood pressure," the court addresses the issue. There is no evidence before the court that prior to compiling and writing the Special Report, defendant Avance had personal knowledge that plaintiff had high blood pressure, and had previously had a brain aneurysm which caused him headaches, until plaintiff filled out and submitted on April 6, 2008 a Request for Medical Attention, which referenced plaintiff's headaches and the prior aneurysm but said nothing about high blood pressure. *See* Exhibit 3 to Special Report attached to defendant's Motion for Summary Judgment (Doc. No. 67). Defendant Avance attests in the Special Report that he [Avance] spoke to plaintiff in response to this request and suggested that plaintiff take generic Tylenol to see if that would help before plaintiff was taken to the doctor for his headaches and that plaintiff agreed to this without any complaint. Special Report at p. 2. The notes from the physician whom plaintiff saw on May 15, 2008 and May 22, 2008 do not reflect that plaintiff made any complaint about his blood pressure, headaches or the prior aneurysm. *See* Exhibit 3 to Special Report. The evidence cited is sufficient to show that defendant Avance had no knowledge of plaintiff's high blood pressure and accordingly, that defendant could not have been

deliberately indifferent to a serious medical need as to that condition. Likewise, this evidence is sufficient to show that defendant was not deliberately indifferent to plaintiff's medical needs concerning his headaches and prior aneurysm inasmuch as defendant suggested plaintiff try Tylenol before seeing a doctor, to which plaintiff voiced no complaints, plaintiff did not submit any further requests for medical attention and made no complaint to the physician he saw on May 15, 2008 or May 22, 2008 concerning his headaches or a prior aneurysm. Plaintiff has submitted no evidence which creates a genuine issue of material fact as to deliberate indifference to plaintiff's needs in connection with his alleged high blood pressure, headaches or prior aneurysm.

Plaintiff's reference to the absence of other officers' statements concerning the incident in which plaintiff was hogtied do not create a genuine issue of material fact. Plaintiff has submitted no sworn statement or other evidence that his mental capacity on April 8, 2008, when he was hogtied, was diminished. Accordingly, plaintiff has failed to show that the constitutional right not to be subjected to excessive force by being hogtied was clearly established on April 8, 2008. *See* Cruz v. Laramie, Wyoming, 239 F.3d 1183, 1193 (10th Cir. 2001); cited in the Report and Recommendation at p. 7. Accordingly, the court agrees with the magistrate judge that defendant Avance is entitled to qualified immunity on plaintiff's excessive force claim and thus that defendant is entitled to summary judgment on that claim.

In his objection to the Report and Recommendation, defendant Avance argues that he should have been granted summary judgment on plaintiff's retaliation claim predicated on plaintiff's repeated placement in the "drunk tank" because defendant argued that plaintiff had not demonstrated a constitutional violation for a claim under 42 U.S.C. § 1983. He also argues that plaintiff failed to create a genuine issue of material fact by evidence showing that defendant Avance personally participated in

a constitutional violation involving placing plaintiff in the observation cell or "drunk tank." Finally, defendant asserts that he raised the qualified immunity defense and, because plaintiff failed to show that a constitutional violation had occurred, defendant was entitled to qualified immunity and summary judgment on that defense.

The court agrees with the magistrate judge that defendant Avance briefed his motion directed to plaintiff's retaliation claim as a motion to dismiss, arguing that "Plaintiff's complaint does not sufficiently allege a 42 U.S.C. § 1983 claim against Defendant Avance regarding repeated placement in a drunk tank without supplies." Defendant's Motion for Summary Judgment (Doc. No. 66) at p. 8. Moreover, the court finds that defendant Avance did not assert qualified immunity and seek summary judgment on that defense in his motion for summary judgment; rather, defendant raised that issue for the first time in his reply brief, to which plaintiff had no right to respond. Accordingly, the court finds no error by the magistrate judge in his failure to consider whether defendant was entitled to summary judgment predicated on the qualified immunity defense.

However, inasmuch as plaintiff's complaint was sworn, the magistrate judge would have been justified in treating defendant's motion as one for summary judgment predicated on the sufficiency of the evidence before the court to establish a claim for retaliation in violation of the First Amendment. If the court were to now do so, defendant's motion directed at this claim must still be denied. Evidence before the court, based upon plaintiff's sworn complaint, is that because visitation was cancelled without notice and not in accordance with the inmate handbook, plaintiff filed a written grievance which defendant Avance responded to by stating to the plaintiff that "you don't know a damn thing about the rules and you don't run a f...thing at this jail," and opening the door to plaintiff's cell and, together with other officers, pulling plaintiff to the "drunk tank" and hogtieing him with handcuffs,

4

leaving him on the floor covered in water. Complaint at p. 2. The officers continued to throw plaintiff in the "drunk tank" to discourage plaintiff, taking everything from plaintiff. *Id.* at p. 4. Plaintiff also states in his sworn declaration (Doc. No. 92) that "Captain Avance continued his attack [after the April 8, 2008 placement of plaintiff in the "drunk tank"] by placing the plaintiff in the isolation cell on the cold wet floor with no blanket, sheets, pillow, toothbrush, tooth paste, soap, wash cloth, wash towel, writing materials, Legalwork and most important my Bible." In addition, the "Jail Incident Report" referenced in the Special Report and attached thereto as Exhibit 4, signed by a staff member and apparently defendant Avance, states as follows:

> AT THIS TIME WENT BACK TO TALK TO INMATE ALLEN IN CELL 7. ALLEN BEGAN TO BEAT ON THE DOOR AND WOULD NOT STOP BEATING, AT WHICH TIME INMATE ALLEN WAS MOVED TO CELL 3 DUE TO HIS BEHAVIOR AND ATTITUDE, INMATE CONTINUES TO BEAT ON THE DOOR OF CELL 3 AND WILL NOT STOP. CAPT. AVANCE ADVISED THAT INMATE ALLEN IS NOT TO HAVE ANYTHING (MAT, PILLOW, COMM., PROP., VISITS, ETC.). INMATE ALLEN IS TO REMAIN IN CELL 3 UNTIL FURTHER NOTICE, PER CAPT. AVANCE.

To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must show that 1) he engaged in First Amendment protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between his protected conduct and the adverse action, that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *See e.g.,* Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000). The Tenth Circuit has recognized that an adverse action taken in retaliation for the filing of grievances is a violation of a prisoner's First Amendment rights and is actionable under 42 U.S.C. § 1983. *See e.g.,* Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991); Ferguson v. New Mexico Department of

Corrections, 21 Fed. Appx. 822, 823-24 (10th Cir. Oct. 17, 2001) (No. 01-2030). The Sixth, Ninth and Eleventh Circuits have also recognized that a prisoner's filing of a non-frivolous grievance against officials is activity protected by the First Amendment. *See* Herron v. Harrison, 203 F.3d at 415; Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008); Brown v. Mache, 233 Fed. Appx. 940 (11th Cir. May 24, 2007) (No. 07-10034). The foregoing sworn statements by plaintiff and the reasonable inferences therefrom are sufficient to establish a claim for retaliation for plaintiff's submittal of a grievance in violation of the First Amendment, *i.e.,* a First Amendment retaliation claim. Even if the court considers defendant's evidence before the court that plaintiff was placed in the observation cell, *i.e.,* the "drunk tank," the first time for his own protection and for that of other inmates and jail staff and to guard against riots in the jail, *see* Special Report at ¶¶ 6-8, a genuine issue of material fact exists as to which was the reason for plaintiff's placement in the drunk tank and whether or not it was retaliation for his First Amendment protected activity.

The magistrate judge did not consider whether plaintiff had submitted evidence establishing a Fourteenth Amendment claim based upon conditions in the jail to which Eighth Amendment standards are applicable. *See* Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). Yet Count III of plaintiff's complaint is based upon an Eighth Amendment violation[1] and plaintiff's evidence quoted above raises the issue of

---

[1] In Count III of plaintiff's complaint, plaintiff alleges that "jail officials continue to threaten the plaintiff, 8th Amendment violation. (Serious threats to my life)." The magistrate judge and the court have previously addressed plaintiff's Eighth Amendment claim based upon alleged threats and dismissed that claim. *See* Report and Recommendation (Doc. No. 41) at pp. 15-17 & 21; Order (Doc. No. 51) at p. 2. However, facts in the "background" section of plaintiff's complaint, which is sworn, and in plaintiff's Sworn Declaration (Doc. No. 92) arguably support a Fourteenth Amendment claim predicated on the Eighth Amendment standard concerning humane prison conditions.

whether plaintiff was provided humane conditions of confinement while in the "drunk tank" even though he does not deny receiving food and water. "The Eighth Amendment requires jail officials 'to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter and medical care and by taking reasonable measures to guarantee the inmates' safety." *Id.*, *quoting* Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998). *See* Farmer v. Brennan, 511 U.S. 825, 832 (1974). An Eighth Amendment violation occurs only when a deprivation of humane conditions is "sufficiently serious," Farmer, 511 U.S. at 833, *quoting* Wilson v. Seiter, 501 U.S. 294, 298 (1991), and the jail official has a sufficiently culpable state of mind, which is deliberate indifference to health and safety. *Id.* (internal quotations and citations omitted). Although defendant in the Special Report denies that the observation cell or "drunk tank" was wet or that plaintiff was covered in water, Special Report at pp. 3-4, even the Incident Report attached to the Special Report as Exhibit 4, quoted above, shows that plaintiff was deprived of a mat and pillow. While it is a close question, the court finds that a genuine issue of material fact exists as to whether the conditions in the "drunk tank" were inhumane and sufficiently serious to violate the Eighth Amendment, particularly since there is no evidence before the court as to how long Plaintiff was subjected to those conditions the second time he was placed in the "drunk tank." Likewise, the court finds that a genuine issue of material fact exists as to defendant's deliberate indifference because such deliberate indifference can be inferred from the evidence before the court, given the absence of evidence of the duration of plaintiff's stay in the "drunk tank" on the second occasion and defendant Avance's directive that plaintiff be placed in the cell without "anything" until further notice from him. *See* Incident Reports attached as Exhibit 4 to Special Report, quoted above.

7

Thus, even if the court were to treat defendant's motion as directed to the sufficiency of the evidence rather than the sufficiency of plaintiff's pleading, defendant's motion for summary judgment on plaintiff's third cause of action must be denied.

In accordance with the foregoing, the Report and Recommendation of the magistrate judge is **ADOPTED**, as supplemented herein, and defendant Dennis Avance's Motion for Summary Judgment (Doc. No. 66) is **GRANTED** as to plaintiff's claims involving excessive force and denial of medical care and is **DENIED** on plaintiff's claims involving retaliation in violation of the First Amendment, and inhumane conditions in violation of the Eighth Amendment, by repeated placement in the "drunk tank."

IT IS SO ORDERED this 21st day of May, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0485p012.wpd